**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GEORGE MARTIN,

                               Plaintiff,

  v.                                                            9:19-CV-0536
                                                                     (TJM/CFH)

T. MATTIE, Correctional Officer; and
WILSON, Correctional Officer,

                               Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

GEORGE MARTIN
16-A-4715
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 13403
Plaintiff pro se

HON. LETITIA JAMES                    NICHOLAS L. ZAPP, ESQ.
Attorney General for the                Assistant Attorney General
State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se George Martin ("Martin"), an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"),

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

brings this action pursuant to 42 U.S.C. § 1983 against Defendants Correctional Officers Troy Matthie ("Matthie")[2] and Steven Wilson ("Wilson")[3] for violations of his rights under the Eighth Amendment.  Dkt. No. 1 ("Compl.").

## I.  BACKGROUND

### A.  Procedural History

On May 6, 2019, the Court received the Complaint in the within action.  Dkt. No. 1. Upon review of the Complaint, the Court directed Defendants to respond to the Eighth Amendment claims.  Dkt. No. 7.  In lieu of an answer, Defendants move, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), to dismiss the Complaint.  Dkt. No. 18. Martin has not responded to the motion.[4]

### B.  Facts[5]

---

[2]   See Dkt. No. 12.

[3]   See Dkt. No. 10.

[4] Martin's response to the motion was due on or before September 30, 2019.  Dkt. No. 19.  On October 29, 2019, the Court issued the following Order:

> In view of plaintiff's pro se status, the Court is sua sponte granting plaintiff an extension of time until 11/29/19 to file his response in opposition to said motion. Plaintiff's failure to file any response to the motion may result in the motion being granted since the court will not have the benefit of the plaintiff's response to consider in making its decision.

Dkt. No. 20.

[5] Defendants have submitted extrinsic evidence in support of the argument that Martin failed to exhaust administrative remedies.  However, as will be discussed further infra, because "extrinsic materials are not properly considered on a motion to dismiss," the Court has not included this evidence in the factual summary. See Lewis v. Havernack, No. 9:12-CV-0031 (GLS/DEP), 2013 WL 1294606, at *5 (N.D.N.Y. Mar. 28, 2013). Defendants cite case law to suggest that the Court should consider the extrinsic evidence "where the complaint 'refers to' the document." Dkt. No. 18-1 at 5. "A court is permitted to consider extrinsic evidence without converting a motion to dismiss into a motion for summary judgment where the extrinsic evidence consists of (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." Leonel Cruz v. United Auto. Workers Union Local 2300, No. 3:18-CV-0048 (GTS/ML), 2019 WL 3239843, at *15 (N.D.N.Y. July 18, 2019).  Here, the documents annexed to Defendants' motion to dismiss are

The facts are related herein in the light most favorable to Martin as the non-moving party. See subsection II(A) infra. At the relevant time, Martin was confined at Upstate Correctional Facility ("Upstate C.F."). See generally Compl.

On April 4, 2019,[6] Martin was involved in a use of force incident with Defendants. See generally Compl. Matthie and Wilson escorted Martin, in a waist chain and handcuffs, to Cell 9-C1-05. Id. at 5. When they arrived, Martin noticed that his cell mate was an inmate that he "had issues with in the past." Id. Martin told the officers that he could not live with the cell mate and asked to be moved to a different cell. Id. Matthie and Wilson forced Martin into the cell and, while he was still handcuffed, began to beat him. Id. at 5. Wilson kicked Martin in the back while Matthie slapped Martin's buttocks and face and verbally harassed him. Id. On April 6, 2019, Martin was transported to the hospital for treatment and diagnosed with muscle spasms. Id. at 6. On April 7, 2019, Martin was treated in the infirmary. Id. Martin requested, and was denied, a bottom bunk permit and a cane. Id.

## II. DISCUSSION

Martin alleges that Defendants violated his Eighth Amendment rights. See generally Compl. Defendants move to dismiss the Complaint arguing that Martin failed to exhaust his administrative remedies prior to commencing the within action. See generally Dkt. No. 18.

---

not mentioned in the Complaint or annexed as exhibits to the pleading. The documents are not "clearly, definitively and substantially" referenced in the Complaint and are not "integral" documents relied "heavily upon" in the Complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The Court does not find that plaintiff's indication of "grievance . . . superintendent . . . now to CORC" in response to the form complaint's question, "[w]hat steps did you take" to exhaust" and his statement that "the Superintendent deny my grievance and waiting on Albany" do not suffice to incorporate these documents by reference. Dkt. No. 1 at 2, 6; see Martin v. City Univ. of New York, No. 17 CIV. 6791, 2018 WL 6510805, at *5 (S.D.N.Y. Dec. 11, 2018) ("[M]inor references . . . cannot be said to be an express adoption or incorporation.") (quotation omitted).

[6] The fifth page of the Complaint lists the date as April 4, 2016. See Compl. at 5. However, based upon a review of the entire Complaint, it is clear that this notation is a typographical error.

## A. Legal Standard

When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

To defeat a motion to dismiss or a motion for judgment on the pleadings, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct] .")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . .") (citations omitted).  Still, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (citations omitted).  Although a complaint attacked under the standard set forth in Rule 12(b)(6) does not require detailed factual allegations, "a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law[.]

Triestman, 470 F.3d at 477 (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.") (internal citations omitted).

### B. Exhaustion

Defendants contend that Martin's claims must be dismissed because he failed to exhaust his administrative remedies through available grievance procedures. See Dkt. No. 18. The PLRA requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006). The

exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. Id. at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted).

Although the Supreme Court of the United States has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citation omitted). The Supreme Court has held that "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." Ross v. Blake, __U.S.__, 136 S. Ct. 1850, 1862 (2016). As such, the special circumstances exception previously promulgated by the Second Circuit in Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) is no longer consistent with the statutory requirements of the PLRA. Williams v. Priatno, 829 F.3d 118, 123 (2d Cir. 2016).[7]

Although Ross eliminates the "special circumstances" exception, courts must still consider the PLRA's "textual exception to mandatory exhaustion." Ross, 136 S. Ct. at 1858. Under this exception, courts must determine whether administrative remedies were

---

[7] In Williams v. Priatno, the Second Circuit debated Ross' effect on Hemphill's estoppel exception. See Williams, 829 F.3d at 123. The Williams Court stated that "Ross largely supplants our Hemphill inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate." Id. (citing Ross, 136 S.Ct. at 1858-59).

"available" to a prisoner. Id. The Supreme Court identified three circumstances where administrative remedies may be unavailable to a prisoner. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 736, 738 (2001)). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Lastly, administrative remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2015). First, the inmate must file a complaint with an inmate grievance program ("IGP") clerk within twenty-one days of the alleged action. Id. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally resolve the issue. Id. at § 701.5(b)(1). If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing. Id. §§ 701.5(b)(2)(i)-(ii). If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable to the inmate, the inmate may appeal to the Central Office Review Committee ("CORC") within seven days after receipt of the superintendent's determination. Id. §§ 701.5(d)(i)-(ii). CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate],

the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received." Id. § 701.5(d)(3)(ii).

Where the grievance involves allegations of employee excessive force, as alleged here, there is an expedited administrative process. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8; see Torres v. Carry, 691 F. Supp. 2d 366, 369-70 (S.D.N.Y. 2009). Complaints and grievances of this nature are forwarded directly to the superintendent of the facility. Bell v. Napoli, No. 9:17-CV-850 (ATB), 2018 WL 6506072, at *2 (N.D.N.Y. Dec. 11, 2018).[8] In such cases the superintendent is required to order an investigation and render a decision within twenty-five (25) days. Id. § 701(a)-(f). If the superintendent fails to respond within the required twenty-five (25) time limit, the inmate may appeal his grievance to the CORC. Disagreement with the superintendent's decision in the expedited review process also requires an appeal to the CORC. See N.Y.C.R.R., titl. 7,§ 701.8-(g)-(h); see also Espinal v. Goord, 588 F.3d 119, 125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through the CORC). The Second Circuit has long recognized this procedure as an "available remedy" for purposes of the PLRA. See Hall v. County of Saratoga, No. 10-CV-1120 (NAM/CFH), 2013 WL 838284, at *1-2 (N.D.N.Y. Mar. 6, 2013).

If it is found that the plaintiff has not exhausted all available administrative remedies, his or her case generally should be dismissed without prejudice. Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec's. Dealers, Inc., 560 F.3d 118, 124 (2d Cir. 2009) (citation omitted). Since "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw,"

---

[8] Unpublished decisions cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

8

and "[i]f the time permitted for pursuing administrative remedies has not expired, a prisoner . . . can cure the defect by exhausting [the available remedies] and reinstating his suit." Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2003) (amended 2004) (quoting Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999)).

In cases such as the one at hand, where the defendant submits extrinsic evidence on a motion to dismiss for failure to exhaust, the Court is presented with the option of converting the motion to a motion for summary judgment, pursuant to Rule 12(d); thus, the extrinsic materials would then properly be considered. McCoy v. Goord, 255 F. Supp.2d 233, 251 (S.D.N.Y. 2003). This option is limited, however, to situations where "nonexhaustion is not clear from the face of the complaint" and the plaintiff has been put on notice that such a conversion was possible, or of the potential consequences of a conversion. Id. Here, because Martin was not placed on notice, that option is not presently favored. See id. (quoting Hernandez v. Coffey, 582 F.3d 303, 308 (2d Cir. 2009) ("[A]bsent a clear indication that the pro se litigant understands the nature and consequences of Rule 56 [governing motions for summary judgment] . . . he or she must be so informed by the movant in the notice of motion or, failing that, by the district court.") (internal quotation marks and citation omitted)). Nevertheless, "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." Williams, 829 F.3d at 122; Lewis v. Havernack, No. 12-CV-0031 (GLS/DEP), 2013 WL 1294606, at *4 (N.D.N.Y. Mar. 28, 2013); High v. Switz, No. 9:17-CV-1067 (LEK/DJS), 2018 WL 3736794, at *1 (N.D.N.Y. July 9, 2018) ("Because a determination as to exhaustion can be made based on the face of the Complaint, the Court declines to convert the Motion to one for summary judgment, and will

9

exclude and not consider the extrinsic evidence submitted by the parties.").

Here, Martin does not dispute that a grievance process existed at Upstate C.F. and that he was aware of the process. Compl. at 2. In his Complaint, Martin contends that he filed a grievance at Upstate C.F. related to the incident that occurred on April 4, 2019. Id. Martin also asserts that, at the time he filed his Complaint on May 1, 2019,[9] his grievance was "still in process to Albany." Id. To satisfy the requirements for exhaustion under the PLRA, CORC must issue a written decision within thirty days of receipt of the grievant's appeal for completion of the three-step inmate grievance program. N.Y. Comp. Codes. R & Regs. tit 7, § 701.5 (d)(2)(ii). Martin concedes that, at the time he filed the Complaint, he had not completed the third step of the grievance process. "As discussed supra, the exhaustion of administrative remedies must be fully completed prior to the filing of an action in federal court. Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001), overruled on other grounds, Porter, 534 U.S. at 532. Thus, "where it appears that plaintiff has begun, but not completed, the grievance procedure, the appropriate course would be to dismiss the action without prejudice to allow plaintiff to meet the exhaustion requirement." Leal v. Johnson, 315 F. Supp.2d 345, 347 (W.D.N.Y. 2004).

Given the allegations contained within the four corners of Martin's Complaint, there is a clear indication that Martin failed to exhaust his administrative remedies with respect to his Eighth Amendment claims prior to filing the Complaint in this action. Martin has not

---

[9] Under the "prison mailbox rule," the date of filing is generally presumed to be the date that an inmate delivers his or her complaint to a prison guard for mailing. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). "In the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (collecting cases).

responded to Defendants' motion and the Complaint lacks any facts suggesting that Martin failed to meet the exhaustion requirement due to administrative remedies being unavailable to him.  Accordingly, the undersigned recommends granting Defendants' motion on this ground.

### III.  CONCLUSION

**WHEREFORE**, for the reasons set forth above, it is hereby:

**RECOMMENDED**, that Defendants' motion to dismiss based upon Fed. R. Civ. P. 12(b)(6) (Dkt. No. 18) be **GRANTED**; and it is further

**RECOMMENDED,** that Martin's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety, without prejudice; and it is

**ORDERED**, that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[10]

---

[10]   If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).

**IT IS SO ORDERED**.

Dated: January 30, 2020
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

12